ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL CRAIG NAVIN,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:10-CV-770-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner, Michael Craig Navin, TDCJ #01648538, was a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, at the this petition was filed. He has been released from custody and temporarily resides at 1702 Carla Avenue, Arlington, Texas 76014. (docket entry #17)

Respondent, Rick Thaler, is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. Factual and Procedural History

Petitioner served a 1-year sentence for his June 29, 2010, conviction for theft of copper wire, a state jail felony, in Tarrant County, Texas. (Pet. at 2) Petitioner asserts he filed a notice of appeal in the state intermediate court of appeals but received no reply. (*Id.*) Petitioner did not file a petition for discretionary review or seek postconviction habeas relief in state court. (*Id.* at 2-3) In this federal habeas petition, he challenges his 2010 conviction on four grounds. (*Id.* at 5-6) Respondent has filed a motion to dismiss the petition based on petitioner's failure to exhaust state court remedies. (docket entry #14)

D. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been presented to the highest court of the state and the court has been given a fair opportunity to pass on the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Petitioner has not exhausted his state court remedies with respect to the grounds he raises in the petition. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Petitioner did not file a petition for discretionary review or postconviction application for writ of habeas corpus in the Texas Court of Criminal Appeals. Because the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Accordingly, petitioner must first pursue his available state remedies, in this case state postconviction habeas relief, before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss the petition be granted and the petition dismissed without prejudice, except as to any application of the federal statute of limitations[1] or other federal procedural bar that may apply.

---

[1] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-death penalty habeas corpus petitions in federal court, subject to applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 16, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 16, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __2 3__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE